**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEARNELL BROWN, R31512,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 22-cv-02193-SMY** |
| | ) | |
| **WARDEN DAVID MITCHELL,** | ) | |
| **WARDEN TARRY WILLIAMS, and** | ) | |
| **IDOC DIRECTOR JOHN/JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Learnell Brown, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Dixon Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was on suicide watch at Pinckneyville Correctional Center.[1]  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any part of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-28): Plaintiff suffers from serious mental illness and has a history of suicide attempts involving self-strangulation.  During his incarceration at Pinckneyville, he was placed on crisis watch from September 24, 2021 until January 10, 2022.  While on suicide watch, prison officials intentionally

---

[1] Plaintiff originally filed his Complaint in the United States District Court for the Northern District of Illinois. *See Brown v. Mitchell, et al.*, No. 3:22-cv-050295 (N.D. Ill. filed Aug. 26, 2022).  The case was transferred to the Southern District of Illinois on September 20, 2022 because Plaintiff's claims arose at a prison located in this federal judicial district. (*See* Docs. 8 and 9).

provided him with strangulation devices on two occasions.

The first incident occurred on October 17, 2021, when an unknown officer gave Plaintiff a food tray containing an extension cord.  Plaintiff used the cord to attempt suicide the same day and was treated by medical staff for injuries to his neck.  Plaintiff knows the cord was intended for him because his name and prisoner identification number were written on the tray holding it.

The second incident occurred on December 17, 2021, when several guards issued Plaintiff a mattress with a long, loose strap.  The guards were aware of his history of self-harm and intended to give him the strangulation device to facilitate self-strangulation.  He used the strap to attempt suicide on or around the same date.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:   Defendants exhibited deliberate indifference to Plaintiff's serious risk of self-harm when they gave him with an extension cord on his food tray on or around October 17, 2021, in violation of the Eighth Amendment.

> Count 2:   Defendants exhibited deliberate indifference to Plaintiff's serious risk of self-harm when they issued him a mattress with a long, loose strap on or around December 17, 2021, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Both claims implicate the Eighth Amendment which prohibits cruel and unusual punishment of convicted persons.  U.S. CONST. Amend VIII.  To state a claim under the Eighth Amendment, a plaintiff must set forth allegations suggesting that he suffered from an "objectively,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

sufficiently serious harm" and the defendants responded with "deliberate indifference to his health or safety." *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (citations omitted)). A suicide attempt presents an obvious, serious harm. *Id*. at 76. In that context, deliberate indifference occurs when a prison official is aware that a prisoner "may imminently seek to take his own life and . . . fail[s] to take reasonable steps to prevent the inmate from performing this act." *Id*. (citation omitted).

Plaintiff's Complaint does not survive screening against Warden Mitchell, Warden Williams, or IDOC Director Doe. Plaintiff names these defendants in their individual capacities, and he seeks money damages against them. However, because he does not mention them in his statement of the claim or exhibits, the Court is left guessing what role any individual played in the alleged violation of Plaintiff's constitutional rights. Section 1983 liability hinges on personal involvement in a constitutional deprivation, and the doctrine of *respondeat superior* is inapplicable in this context. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Therefore, Plaintiff must name the individual defendants who he alleges violated his rights and describe what each one did, or failed to do, through his or her own conduct, to cause the deprivation. *Id*.

Plaintiff must also associate specific defendants with specific claims. *Twombly*, 550 U.S. at 555. If he does not know the exact names of each defendant, he may use generic identifiers when referring to each defendant in the case caption and statement of his claim, *e.g.*, John/Jane Doe 1, John/Jane Doe 2, *etc*. *Martin v. Noble Cnty. Sheriff's Dep't*, App. No. 21-cv-1214, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021). He can then use discovery to learn the names of each individual and identify them with particularity in a motion for substitution of defendants or an amended complaint. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For the foregoing reasons, as currently drafted, the Complaint fails to state any claim for relief against the named defendants.  Consequently, it will be dismissed without prejudice.

### Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** and with leave to file a First Amended Complaint by **April 14, 2023**.  The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 22-cv-2193-SMY).  Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint.  The First Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for**

failure to prosecute his claims.  **The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).** <u>**To facilitate Plaintiff's compliance with this Order, the Clerk of Court is DIRECTED to mail Plaintiff a civil rights complaint form.**</u>

**Plaintiff has a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.**  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  3/14/2023**

<u>*s/ Staci M. Yandle*</u>
**STACI M. YANDLE**
**United States District Judge**