IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEARNELL BROWN, R31512,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 22-cv-02193-SMY |
| | ) |
| **JOHN DOE 1, JOHN DOE 2,** | ) |
| **JANE DOE 3, JOHN DOE 4,** | ) |
| **LT. JOHN DOE 5, JANE DOE 6,** | ) |
| **SGT. JOHN DOE 7, JOHN DOE 8,** | ) |
| **JOHN DOE 9, JANE DOE 10,** | ) |
| **JOHN DOE 11, JOHN DOE 12,** | ) |
| **JOHN DOE 13, LT. JOHN DOE 14,** | ) |
| **and MAJOR JOHN DOE 15,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Learnell Brown on April 13, 2023. (Doc. 22). Plaintiff asserts claims for constitutional deprivations against fifteen unknown correctional officers (John/Jane Doe 1-15) who allegedly supplied him with strangulation devices while he was on suicide watch at Pinckneyville Correctional Center. The Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 22, pp. 1-28): Plaintiff suffers from serious mental illness and has a history of suicide attempts involving self-strangulation. For that reason, he was placed on crisis (suicide) watch at Pinckneyville.

1

**Incident No. 1: October 17, 2021**

On October 17, 2021, during first shift, John Doe 1 gave Plaintiff a kosher meal tray that was marked with his name and identification number. The tray also contained an extension cord. Plaintiff immediately notified John Doe 2 that the extension cord was on his tray and caused thoughts of self-harm. He asked to see a mental health professional. John Doe 2 did not remove the cord from his meal tray or contact a mental health professional. Plaintiff told Jane Doe 3 the same thing and received the same response.

When second shift began, Plaintiff alerted John Doe 4, John Doe 5, and Jane Doe 6 about the extension cord, his thoughts of suicide, and his request for a mental health professional. They responded in the same manner as John Doe 1, John Doe 2, and Jane Doe 3, by refusing to take the cord or call for help.

Plaintiff then used the extension cord to strangulate himself. While doing so, John Doe 7 called out Plaintiff's name and threatened to spray him with mace. When this did not stop Plaintiff, John Doe 7 sprayed him in the face with mace, even while he was still attempting to strangulate himself. John Does 4, 5, 7, 8, and 9 then began kicking Plaintiff in the back while he still had the extension cord wrapped around his neck. Plaintiff was taken to the healthcare unit for treatment of his neck, back, and face injuries following this incident. In spite of his requests, Plaintiff was denied treatment by the mental health counselor, Jane Doe 10, in the wake of this incident.

**Incident No. 2: December 17, 2021**

On December 17, 2021, John Doe 11, John Doe 12, and John Doe 13 issued Plaintiff a mattress with a hole and a long, loose strap on the side of it. All three guards were aware of Plaintiff's history of self-harm and failed to remove the strap before issuing him the mattress. Plaintiff removed the strap and used it to attempt suicide.

Minutes later, John Doe 14 entered the cell with John Does 11, 12, and 13. While Plaintiff still had the strap wrapped around his neck, the officers placed him in cuffs and began punching him in his right eye and lip as punishment for attempting suicide. Each individual was aware of Plaintiff's past suicide attempts and consciously chose not to call medical staff to treat his neck, eye, and lip injuries. Instead, they took Plaintiff to a shower stall and hit his head against a wall. John Doe 13 then pulled him from the shower and led him to a room where John Doe 15, a mental health professional, was waiting to assess him. During the course of this assessment. John Doe 14 slapped Plaintiff and had him strip searched because the officer did not like his responses to questions posed by John Doe 15.

Based on the allegations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Defendants Does 1-6 exhibited deliberate indifference to Plaintiff's serious risk of self-harm when they served him an extension cord with his meal tray and refused to remove it at his request on or around October 17, 2021, in violation of the Eighth Amendment.

Count 2: Defendants Does 4, 5, 7, 8, and 9 used excessive force against Plaintiff when they responded to his suicide attempt by spraying him with mace and kicking him in the back on or around October 17, 2021, in violation of the Eighth Amendment.

Count 3: Defendants Does 1-10 exhibited deliberate indifference toward Plaintiff's serious mental health needs by ignoring his repeated requests for a mental health counselor on or around October 17, 2021, in violation of the Eighth Amendment.

Count 4: Defendants Does 11-13 exhibited deliberate indifference to Plaintiff's serious risk of self-harm when they issued him a mattress with a long, loose strap and refused to take it from him on or around December 17, 2021, in violation of the Eighth Amendment.

Count 5: Defendants Does 11-14 used excessive force against Plaintiff when they responded to his suicide attempt by cuffing him, punching him in his right eye and lip, and hitting his head against a wall on or around December 17, 2021, in violation of the Eighth Amendment.

>    Count 6:    Defendants Does 11-14 denied Plaintiff medical care for serious injuries to his neck, eye, and lip on or around December 17, 2021, in violation of the Eighth Amendment.
>
>    Count 7:    Defendants Doe 14-15 used, or failed to intervene and stop the use of, excessive for against Plaintiff during his mental health assessment on or around December 17, 2021, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Counts 1 through 7 implicate the Eighth Amendment, which prohibits the cruel and unusual punishment of convicted persons. U.S. CONST. Amend VIII. To state a claim under the Eighth Amendment, a plaintiff must set forth allegations suggesting that he suffered from an "objectively, sufficiently serious harm" and the defendants responded with "deliberate indifference to his health or safety." *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (citations omitted)). Plaintiff's allegations satisfy the objective and subjective components for this claim.

Counts 1, 3, and 4 arise from Plaintiff's alleged two attempts at suicide using materials he received from staff. A suicide attempt satisfies the objective component of an Eighth Amendment claim because it presents an obvious, serious harm. *Kupsky*, 748 F. App'x at 76. In this context, deliberate indifference occurs when a prison official is aware that a prisoner "may imminently seek to take his own life and . . . fail[s] to take reasonable steps to prevent the inmate from performing this act." *Id*. (citation omitted).

Plaintiff's allegations suggest that the defendants named in connection with these claims were all aware of Plaintiff's history of self-strangulation, provided him with strangulation devices,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

and denied his request to remove the items. Accordingly, Plaintiff may proceed with Counts 1, 3, and 4 against the defendants named in connection with each claim.

Counts 2, 5, and 7 arise from Defendants' alleged use of force in response to Plaintiff's suicide attempts. The Eighth Amendment prohibits "the 'unnecessary and wanton infliction of pain' on prisoners." *Stockton v. Milwaukee County*, 44 F.4th 605, 619 (7th Cir. 2022) (citations omitted). A court presented with an excessive force claim examines "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. (citation omitted). The court weighs several factors, including "the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Id*.

Plaintiff's allegations suggest that the defendants used unreasonable force against Plaintiff in response to his suicide attempts. Counts 2, 5, and 7 survive screening against each defendant named in connection with these claims.

Count 6 arises from the defendants' alleged failure to take Plaintiff for treatment of serious injuries to his neck, eye, and lip following his suicide attempt on or around December 17, 2021. Plaintiff alleges that Defendants Does 11-14 observed or inflicted these injuries and were on notice of them. Therefore, Plaintiff may proceed on Count 6 against these four defendants.

### Identification of Unknown Defendants

Counts 1 through 7 survive screening against fifteen unknown officers at Pinckneyville Correctional Center, John/Jane Does 1-15. However, these defendants must be identified with particularity before service of the Amended Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Pinckneyville Correctional Center's will be **ADDED** as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each defendant in place of the generic designations in the caption and through the Amended Complaint.

## Disposition

The Amended Complaint (Doc. 22) survives screening pursuant to 28 U.S.C. § 1915A and shall proceed as follows:

- **COUNT 1** will proceed against **JOHN DOE 1, JOHN DOE 2, JANE DOE 3, JOHN DOE 4, LIEUTENANT JOHN DOE 5,** and **JANE DOE 6**;

- **COUNT 2** will proceed against **JOHN DOE 4, LIEUTENANT JOHN DOE 5, JOHN DOE 7, JOHN DOE 8,** and **JOHN DOE 9**;

- **COUNT 3** will proceed against **JOHN DOE 1, JOHN DOE 2, JANE DOE 3, JOHN DOE 4, LIEUTENANT JOHN DOE 5, JANE DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9,** and **JANE DOE 10**;

- **COUNT 4** will proceed against **JOHN DOE 11, JOHN DOE 12,** and **JOHN DOE 13**;

- **COUNTS 5** and **6** will proceed against **JOHN DOE 11, JOHN DOE 12, JOHN DOE 13**, and **LIEUTENANT JOHN DOE 14**; and

- **COUNT 7** will proceed against **LIEUTENANT JOHN DOE 14** and **MAJOR JOHN DOE 15**.

The **WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER** is **ADDED** as a defendant, in his or her official capacity only, for purposes of identifying Defendants John/Jane Does 1-15.

The Clerk shall prepare for **WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only)** and **JOHN/JANE DOES 1-15 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 22), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Warden of Pinckneyville Correctional Center must only file a notice of appearance and need not file an answer or other response to the Amended Complaint. Defendants Jane/John Does 1-15 are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Consistent with the above, the Clerk of Court is DIRECTED to ADD the WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only) and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   May 17, 2023**                    *s/ Staci M. Yandle*
                                             **STACI M. YANDLE**
                                             **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.