**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LEARNELL L. BROWN, R31512, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-02193-SMY |
| | ) | |
| MIA TRAVELSTEAD, | ) | |
| MICHAEL P. BARTOLINI, | ) | |
| JOHN LENZINI, | ) | |
| BRIAN T. KELLY,[1] | ) | |
| ROBERT OLEARY, | ) | |
| CHRISTIAN L. PYLES, | ) | |
| MATTHEW T. JOHNSON, | ) | |
| ROSE M. LOOS, | ) | |
| C/O OBADIAH MIMS, | ) | |
| NEIL A. KELLERMAN, | ) | |
| LUCAS KELLERMAN, | ) | |
| CHAD E. WALL, | ) | |
| WILLIAM L. LAWLESS, and | ) | |
| WARDEN OF PINCKNEYVILLE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court on Defendant Brian T. Kelley's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6). (Doc. 78). Plaintiff did not respond to the motion. For the following reasons, the motion is **GRANTED**.

### Background

In the Amended Complaint, Plaintiff named fifteen defendants generically as "John/Jane Doe", and this defendant specifically as "Nurse Jane Doe #6" (Doc. 22). Plaintiff consistently

---

[1] The Clerk's Office will be directed to **UPDATE** the docket sheet in CM/ECF to reflect the correct spelling of this defendant's name to "Brian T. Kelley." (*See* Doc. 78, p. 1).

used female pronouns when referring to this particular defendant. *Id*. Following preliminary review of the Amended Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with two claims against Nurse Jane Doe #6, including Count 1 for deliberate indifference to his health and safety when she served an extension cord with his meal and then refused to remove it from his meal tray on October 17, 2021, and Count 3 for deliberate indifference to Plaintiff's requests for a mental health counselor on the same date. (Doc. 26, pp. 2-3).

The Warden of Pinckneyville was added as a defendant to assist in identifying all unknown defendants by name, including Nurse Jane Doe #6. With the assistance of counsel, Plaintiff undertook efforts to identify Nurse Jane Doe #6 by first and last name by exchanging information with Pinckneyville's warden. (Doc. 35).

Plaintiff filed a Motion to Substitute Party on October 16, 2023, formally identifying Nurse Jane Doe #6 as Brian Kelley, RN, a male, and requesting substitution of this individual in place of Nurse Jane Doe #6. (Doc. 43). The Court granted the motion on October 18, 2024. (Doc. 44). Defendant Brian T. Kelley argues that he should not have been substituted for Nurse Jane Doe #6 in the Amended Complaint.

## Discussion

A Court presented with a Rule 12(b)(6) motion must decide the adequacy of the complaint. *See* FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The motion will be granted if the complaint does not include sufficient factual information to "state a claim to relief that is plausible on its face" or "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may

also plead himself out of court by pleading facts on the face of the complaint that establish a clear defense to his claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

The Amended Complaint fails to state a claim for relief against Defendant Brian Kelley, who is identified as a male registered nurse. Plaintiff refers to this unknown defendant in the Amended Complaint as a female nurse. Counts 1 and 3 both assert Eighth Amendment deliberate indifference claims against the female nurse, Ms. K. Brian Kelley is not described or addressed in Plaintiff's statement of claim. As such, Plaintiff has not pleaded factual content that allows the court to draw the reasonable inference that Defendant Kelley is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. at 678.

Accordingly, Defendant Kelley's motion to dismiss is **GRANTED,** and Kelley is **DISMISSED** from this case **with prejudice**. The Clerk of Court **DIRECTED to TERMINATE** Brian T. Kelley as a defendant in CM/ECF and enter judgment accordingly at the close of this case. Because all other defendants have now answered the Amended Complaint, the Court will separately enter a new Scheduling Order.

   **IT IS SO ORDERED.**

   **DATED:  November 13, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
